IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EPITACIO RESENDEZ | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:15-cv-1082 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
| LOUIS A. WILLIAMS & ASSOCIATES, | § | |
| INC., & DAVID IMMEL | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant, Scottsdale Insurance Company ("Scottsdale"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the Texas state court action captioned *Epitacio Resendez v. Scottsdale Insurance Company, Louis A. Williams & Associates, Inc., & David Immel* in the 419th Judicial District of Travis County, Texas.  In support of this Notice of Removal, Scottsdale respectfully shows the following:

## I.
## BACKGROUND

1.      This lawsuit arises out an insurance procurement dispute regarding an alleged failure to disclosure policy limitations, and a coverage dispute concerning an alleged failure to offer coverage for a water loss.  Because the allegations asserted against the non-diverse defendants fail to state a cause of action under Texas law, Scottsdale removes this action based on diversity of citizenship.

2.      Plaintiff Epitacio Resendez initiated the present action by filing his Original Petition in the 419th Judicial District of Travis County on October 6, 2015 (the "State Court

Action").[1]  Scottsdale filed its Original Answer on November 4, 2015, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

     3.     Scottsdale issued a Texas Dwelling Policy to Epitacio Resendez; Policy No. DFS1167262 (the "Policy"), which generally covers, among other things, a dwelling located at 2918 Ranch Road 620, #296, Austin, Texas, 78734.[3]  Resendez resides in Bexar County, Texas.[4]

     4.     Defendant Louis A. Williams & Associates, Inc. ("Williams"), a Texas corporation, was the general agent and producer of the Policy.[5]  Defendant David Immel ("Immel") was the retail agent who procured the Policy for Plaintiff.

     5.     The factual allegations in Plaintiff's Original Petition against Williams and Immel contain simply the following:

> Prior to purchasing the Policy, Scottsdale's general agent, Louis A. Williams & Associates, Inc., through its agent David Immel, Agent Number 42015, concealed and failed to disclose to Plaintiff that the Policy was a named perils policy that did not cover flooding and water damage. Based on the omission of this material information, Plaintiff made the decision to enter into the Policy. If it were not for this representation, Plaintiff would have chosen an alternate policy.[6]

     6.     The above paragraph contains the only factual allegations asserted against Williams and Immel.  Based upon these alleged facts, Plaintiff asserts claims against Williams

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit A.**

[2] *See* Defendant's Original Answer, attached as **Exhibit B.**

[3] *See* Plaintiff's Original Petition, attached as **Exhibit A** at ¶ 9.

[4] *See Id.* at ¶ 2.

[5] *See Id.* at ¶ 4.

[6] *See Id.*

and Immel for Negligence, Violation of Chapter 541 of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, and Fraud by Nondisclosure.[7]

7.       Because the sparse allegations against them fail to state a cause of action under Texas law, defendants Louis A. Williams & Associates, Inc. and David Immel are improperly joined and may be disregarded for the purpose of establishing diversity jurisdiction.

8.       Consent to removal is not required from improperly or fraudulently joined parties. *See* Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 2003).

9.       Scottsdale does not admit the underlying facts as alleged by Plaintiff, and expressly denies any liability.  This Notice of Removal is filed within 30 days of Scottsdale's consent to jurisdiction through the filing of its Original Answer, and is therefore timely under 28 USC § 1446 because Scottsdale was not properly served with process.

10.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Scottsdale will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 419th Judicial District Court of Travis County, Texas.

11.      Pursuant to 28 USC § 1446(a), all process, pleadings, and orders in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

## II.
## JURISDICTION

12.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

---

[7] *See* Plaintiff's Original Petition, **Exhibit A** at sec. VII(A) – (D).

citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

     **A.**     **Diversity of Parties and Improper Joinder**

     13.     Plaintiff resides in Bexar County, Texas.[8]  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

     14.     Defendant Scottsdale is organized under the laws of Ohio and maintains its principal place of business in Arizona.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the States of Ohio and Arizona.  Complete diversity exists with respect to Plaintiff and Scottsdale.

     15.     Defendant Louis A. Williams & Associates, Inc., is a Texas corporation;[9] however, Louis A. Williams & Associates, Inc.'s citizenship should be disregarded as it has been improperly joined to this action.

     16.     Defendant David Immel is a resident of Kendall County, Texas;[10] however, David Immel's citizenship should be disregarded as he has been improperly joined to this action.

     17.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant, and the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law" against the non-diverse defendant.[11]  Under such analysis, the critical question is whether the

---

[8] *See* Plaintiff's Original Petition, **Exhibit A** at ¶ 2.

[9] *See Id.* at ¶ 4.

[10] *See Id.* at ¶ 5.

[11] *Trang v. Bean*, 600 F. App'x 191, 192-93 (5th Cir. 2015) (citing *Smallwood v. Ill. *193 Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law.[12]  A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[13]

18.    Plaintiff has pled that defendants Louis A. Williams & Associates, Inc. and David Immel "*concealed and failed to disclose to Plaintiff that the Policy was a named perils policy that did not cover flooding and water damage.*"

19.    Plaintiff has not pled that he requested all-risk coverage, or flood coverage, and that Williams and Immel failed to procure the coverage requested.  Plaintiff likewise has not pled that any false representations were made concerning coverage; he has made no allegations of any representations by Williams and Immel.  Plaintiff's causes of action against Williams and Immel hinge solely on an alleged failure to disclose, and thus alleged liability for Williams and Immel hinges solely on whether a duty to disclose existed.  No such duty exists for agents under Texas law.

20.    Texas courts have declined to impose on an insurance agent a duty to explain policy terms.[14] Absent some affirmative misrepresentation of the terms of coverage by an insurer [or agent], an insured's mistaken belief concerning the extent of coverage is not grounds for a

---

[12] *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[14] *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 750 (W.D. Tex. 2015) (citing *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App. 1999);  *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex.App.-El Paso 1996), aff'd, 966 S.W.2d 482 (Tex.1998)).

misrepresentation claim – common law or under the DTPA.[15] Nor is an agent negligent for failing to obtain insurance coverage of a type that was not requested.[16]  In the absence of a special relationship, an insurance broker does not have a duty to disclose limitations to its client unless inclusion of the limitation renders the policy non-compliant with the coverage requested by that client.[17]

21.    Plaintiff's Original Petition fails to plead the necessary elements of any recognized cause of action against Williams and Immel.  Based upon the allegations of Plaintiff's Original Petition, there is no reasonable basis for this Court could predict that Plaintiff might be able to recover against Williams and Immel, and thus their jointer is improper and their citizenship may be disregarded.

---

[15] *Id*. (citing *Burton v. State Farm Mut. Auto. Ins. Co*., 869 F.Supp. 480, 486 (S.D.Tex.1994) (common law claim); *State Farm Cnty. Mut. Ins. Co. v. Moran*, 809 S.W.2d 613, 620–21 (Tex.App.-Corpus Christi 1991, writ denied) (DTPA claim)).  *See Also*:  *Sledge v. Mullin*, 927 S.W.2d 89, 94 (Tex.App.—Fort Worth 1996, no writ) ("In the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the DTPA."); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692-93 (Tex. App.-San Antonio 1998, no pet.) (citing *Sledge* and adding "For the same reason, a claim based solely on mistaken belief would fail under the Insurance Code").

[16] *Glenn v. L. Ray Calhoun & Co*., 83 F. Supp. 3d at 750; (citing *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 393–94 (Tex.App.-Hous. [14th Dist.] 2008, pet. denied) (finding no legal duty arises on part of insurance agent owed to client merely because agent has knowledge of need for additional insurance); *Moore v. Whitney–Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex.App.-San Antonio 1998, no pet.) (deciding agent did not breach any duty where insured admitted he never requested a specific type of coverage and agent provided policy of insurance in accordance with understanding of insured's expectations);  see also *West Hous. Airport, Inc. v. Millenium Ins. Agency, Inc*., 349 S.W.3d 748, 754 (Tex.App.-Hous. [14th Dist.] 2011, pet. denied) (finding insurance broker does not have duty to disclose coverage limitations under comprehensive general liability policy unless inclusion of limitation renders policy non-compliant with coverage requested by client)).

[17]  *W. Houston Airport, Inc. v. Millennium Ins. Agency, Inc*., 349 S.W.3d 748, 754 (Tex. App.-Houston [14th Dist.] 2011, pet. denied).

6

B.      **Amount in Controversy**

1.      Plaintiff's Original Petition states that Plaintiff seeks "monetary relief of over $100,000 but not more than $200,000.00."[18]   Plaintiff further seeks compensation for actual damages, treble damages, interest attorney's fees.[19]   Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.[20]   Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[21]   The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

## III.
## CONCLUSION

2.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and as all requirements for removal under 28 U.S.C. § 1446 have been meet.

WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

*[signature on following page]*

---

[18] *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 6.

[19] *See Id.* at ¶ 27.

[20] *See Id.* at ¶ 27; Tex. Ins. Code sections 541.002 & 541.152.

[21] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

     This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this the 2nd day of December, 2015 to:

Eric A. Pullen                                      ***7196 9008 9111 1861 4662***
Sarah A. Sweet
Pulman, Cappuccio, Pullen, Benson & Jones LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
epullen@pulmanlaw.com
ssweet@pulmanlaw.com

Dana Minissale                                  ***7196 9008 9111 1861 4679***
Gerstle, Minissale and Snelson, LLP
4849 Greenville Ave., Suite 1500
Dallas, Texas 75206
dana.minissale@gmsattorneys.com

B. Ross Pringle                                   ***7196 9008 9111 1861 4600***
Wright & Greenhill, P.C.
900 Congress Ave., Suite 500
Austin, Texas 78701
rpringle@w-g.com

/s/ Patrick M. Kemp
Patrick M. Kemp

8