Exhibit A

Delbert G. Trevino
Pulman, Cappuccio, Pullen, Benson & Jones, LLP
2161 NW Military Hwy.
Suite 400
San Antonio, TX 78213



9314 7699 0430 0017 7130 13
RETURN RECEIPT REQUESTED



$ 007.89

Received

NOV 0 6 15

SOP TRC

Sherry Van Parys

Scottsdale Insurance Company
8877 North Gainey Center Drive
Scottsdale, AZ 85258

**Texas Department of Insurance**
333 Guadalupe St. P.O. Box 149104 Austin, TX 78714-9104



# SCOTTSDALE INSURANCE COMPANY

Skip over these navigation links.

Show Explanation of Terms

**Table of Contents**
General Info | Contact Info | Types of Insurance | Use of Credit | Attorney for Service | Ratings | Financial Info |
Premiums | Complaint Ratios | Company History | Company Officers

## General Information:

Return to top.

| | |
|---|---|
| **Type of Entity:** | Surplus Lines (SL) |
| **Status of TX License:** | Eligible |
| **Company Status:** | Normal Operations |
| **License Number:** | 101133 |
| **NAIC Number:** | 41297 |
| **TDI Company Number:** | 101133 |
| **FEIN:** | 311024978 |
| **Home City/State:** | OH |
| **Origin:** | Foreign |
| **Date Incorporated/Organized:** | 01/04/1982 |
| **Date Licensed/Eligible/Registered in Texas:** | 01/01/1982 |
| **Date Cancelled/Ineligible/Inactive:** | |

## Contact Information:

Return to top.

| | |
|---|---|
| **Mailing Address:** | 1 West Nationwide Blvd Dspf 78 Columbus OH 43215-2220 |
| **Office Number:** | (480)365-4000 |
| **Toll Free Number:** | |
| **Fax Number:** | |
| **Physical Address:** | 8877 North Gainey Center Drive Scottsdale AZ 85258 |
| **Office Number:** | |

Case 1:15-cv-01082-RP   Document 1-1   Filed 12/02/15   Page 4 of 18

suggest that the company was in error or that the complainant had a valid reason for the complaint.

**Complaint Ratios:** the ratio, expressed as a percentage, is the number of closed confirmed complaints divided by the number of policies the company had in force for the line of insurance and year indicated.

**Complaint Index:** indicates how a company's ratio of the number of complaints to the number of policyholders compares to the average for all insurers. The index is calculated by dividing the company's percentage of complaints for a specific line of insurance by the company's percentage of the policies in force for the same line of insurance. The average index is 1.00. A number less than 1 indicates fewer complaints than average; a number greater than 1 indicates more complaints than average. For the most recent completed year, a given insurer's index may change over time, as policy count data is received by TDI. This will affect each insurer's percentage of the total.

Complaints against an insurance company are not part of the complaint tally above if the insurance company served only as a Third Party Administrator (TPA), a company hired simply to administer the paperwork of a health plan. Instead, they are included in the complaint record of the insurance company or HMO that hired the TPA. If a bonafide self-insured benefit plan hired the TPA, no complaint numbers are recorded as a part of the company/TPA's profile. Neither are profiles available for self-insured plans, as such plans are regulated under federal law.

## Company History:

Return to top.

| Date | Event |
|------|-------|
| 12-23-2008 | SCOTTSDALE INSURANCE COMPANY ACQUIRED CONTROL OF ATLANTIC INSURANCE COMPANY, IRVING, TEXAS COMMISSIOENR ORDER NO 08-1074 DATED 12/23/2008 |
| 08-06-2008 | COMPANY REQUESTED SERVICES BE FORWARDED TO THE COMPANY PHYSICAL ADDRESS LOCATION 8877 NORTH GAINEY CENTER DRIVE SCOTTSDALE AZ 85258 |
| 02-10-2005 | PENALTY OF $5,000 ASSESSED ON 02/10/2005 BY THE FLORIDA OFFICE OF INSURANCE REGULATION FOR FAILING TO TIMELY SUBMIT AFFIDAVIT PART III (2 DAYS LATE) |
| 01-01-1982 | SURPLUS LINES ELIGIBILITY |

## Company Officers:

Return to top.

For names of the company's current officers, please contact the company at the phone number listed in the Contact Information above or on their website.

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-15-004467**

Received

NOV 0 6 15

SOP TRC

EPITACIO RESENDEZ

, Plaintiff

vs.

SCOTTSDALE INSURANCE COMPANY, LOUIS A. WILLIAMS & ASSOCIATES INC., & DAVID IMMEL

, Defendant

TO:    SCOTTSDALE INSURANCE COMPANY
       BY SERVING THE COMMISSIONER OF INSURANCE
       333 GUADALUPE ST.
       AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on OCTOBER 6, 2015, in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, October 09, 2015.

REQUESTED BY:
ERIC ANDREW PULLEN
2161 NW MILITARY HWY STE 400
SAN ANTONIO, TX 78213-1844
BUSINESS PHONE:(210)222-9494  FAX:(210)892-1610

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: PATSY YBARRA

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the
_____ day of _____, _____, at _____ o'clock ____ M. , by delivering to the within named
_____, each in
person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading,
having first attached such
copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-15-004467                    SERVICE FEE NOT PAID                    P12 - 000000727

 Original      Service Copy

Received
NOV 06 15
SOP TRC

## CIVIL CASE INFORMATION SHEET

MAY ENTER CAUSE # / COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   Court *(FOR CLERK USE ONLY):* _____

STYLED  Epitacio Resendez vs. Scottsdale Insurance Company, Louis A. Williams & Associates, Inc., & David Immel

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Eric A. Pullen | Email:<br><br>epullen@pulmanlaw.com | Plaintiff(s)/Petitioner(s):<br><br>Epitacio Resendez | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br><br>2161 NW Military Hwy., Ste. 400 | Telephone:<br><br>(210) 222-9494 | Defendant(s)/Respondent(s):<br><br>Scottsdale Insurance Company | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>San Antonio, Tx 78213 | Fax:<br><br>(210) 892-1610 | Louis A. Williams & Associates, Inc.<br><br>David Immel | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br><br>24007881 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW  *Civil*

| | | | *Family Law* | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☒ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>  Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>  List Product: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights |
| OPTION B: CK OTHER & ENTER 3-LETTER SUIT TYPE FOR CLERK TO USE WHEN DOCKETING | ☐ Other Injury or Damage: | | | ☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |
| **Tax** | | | *Probate & Mental Health* | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ **Declaratory Judgment**<br>☐ **Garnishment**<br>☐ **Interpleader**<br>☐ **License**<br>☐ **Mandamus**<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ **Protective Order**<br>☐ **Receiver**<br>☐ **Sequestration**<br>☐ Temporary Restraining Order/**Injunction**<br>☐ Turnover |

OPTION C: SECTION 3 PROCEDURES/REMEDIES IN **BOLD** MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION 2 BLANK. SELECTING A CASE TYPE IN SECTION 2 OVERRIDES ANY SELECTION IN SECTION 3.

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
A Non-Profit Corporation

# IF YOU NEED A LAWYER
# AND DON'T KNOW ONE,
# THE LAWYER REFERRAL SERVICE
# CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.com

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,**
**bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

# SI USTED NECESITA EL CONSEJO DE UN
# ABOGADO Y NO CONOCE A NINGUNO
# PUEDE LLAMAR
# A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.com

**Abierto de lunes a viernes de 8:00 am-4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,**
**indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

10/6/2015 10:48:21 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-15-00446677**
**Patsy Ybarra**

CAUSE NO. D-1-GN-15-004467

| | | | |
|---|---|---|---|
| EPITACIO RESENDEZ, | § | IN THE DISTRICT COURT | Received |
| | § | | |
| PLAINTIFF | § | | NOV 0 6 15 |
| | § | | |
| V. | § | 419TH JUDICIAL DISTRICT | SOP TRC |
| | § | | |
| SCOTTSDALE INSURANCE COMPANY, | § | | |
| LOUIS A. WILLIAMS & ASSOCIATES, INC., | § | | |
| & DAVID IMMEL | § | | |
| | § | | |
| DEFENDANTS | § | TRAVIS COUNTY, TEXAS | |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff, Epitacio Resendez, and files this Original Petition against Defendants, Scottsdale Insurance Company, Louis A. Williams & Associates, Inc., and David Immel (collectively referred to as "Defendants"), and in support hereof respectfully shows the Court as follows:

### I. Discovery Control Plan

1.     Discovery is appropriate under Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

### II. Parties

2.     Plaintiff, Epitacio Resendez ("Plaintiff" or "Resendez"), is an individual who resides in Bexar County, Texas.

3.     Defendant, Scottsdale Insurance Company ("Scottsdale"), is a foreign surplus lines insurance company that, upon information and belief, is licensed to conduct the business of insurance in Texas. Scottsdale does not list a registered agent for service with the Texas Department of Insurance. It can therefore be served with citation by serving the Commissioner of Insurance, by certified mail, return receipt requested, at 333 Guadalupe, Austin, Texas 78701. The

{00010674}

physical address for Scottsdale is 8877 North Gainey Center Drive, Scottsdale, Arizona 85258. Additionally, Scottsdale has agreed contractually to be served through the Commissioner of Insurance and requested that all service be forwarded to Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. A true and correct copy of the contractual endorsement is attached hereto as **Exhibit A**.

4.      Louis A. Williams & Associates, Inc. ("Louis A. Williams") is a Texas corporation. Louis A. Williams may be served with process by and through its registered agent for service of process, Billy R. Burke, 907 East Grand Avenue, Marshall, Texas 75670, by certified mail, return receipt requested.

5.      David Immel ("Immel") is a resident of Kendall County, Texas and may be served with process at 107 W. Fabra Ln., Boerne, Texas 78006 or wherever else he may be found by certified mail, return receipt requested.

### III. Jurisdiction and Venue

6.      This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief of over $100,000.00 but not more than $200,000.00. Plaintiff further seeks all other relief to which he may be entitled, including but not limited to all available common law and statutory damages, and reasonable and necessary attorneys' fees and costs, which may cause the monetary relief sought to exceed this estimate by the time of trial.

7.      Venue is proper in Travis County, Texas pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial portion of the acts or omissions giving rise to Plaintiff's claims occurred in Travis County, Texas.

{00010674}                                          − 2 −

## IV. Request for Disclosure

8.      Pursuant to TEX. R. CIV. P. 194, Plaintiff requests that Defendants disclose, within thirty (30) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2.

## V. Facts

9.      Plaintiff obtained an insurance policy from Scottsdale, specifically Policy number DFS1167262 (the "Policy"), in order to cover his dwelling and personal property located at 2918 Ranch Road 620 #296, Austin, Travis County, Texas 78734 (the "Dwelling"). The Policy period was to last from September 25, 2014 through September 25, 2015.

10.     Prior to purchasing the Policy, Scottsdale's general agent, Louis A. Williams & Associates, Inc., through its agent David Immel, Agent Number 42015, concealed and failed to disclose to Plaintiff that the Policy was a named perils policy that did not cover flooding and water damage. Based on the omission of this material information, Plaintiff made the decision to enter into the Policy. If it were not for this representation, Plaintiff would have chosen an alternate policy.

11.     On or about October 5, 2014, a plumbing leak occurred at the Dwelling causing extensive damage to the Dwelling itself and the personal property inside. Immediately after discovering the damage, Plaintiff contacted Scottsdale from his residence in Bexar County, Texas, in order to report a claim for damage to the Dwelling and personal property, which was designated as Claim Number 01619836 (the "Claim"). After reassuring Plaintiff that the damage to the Dwelling and personal property would be covered under the Policy, Scottsdale recommended that Plaintiff employ the services of Blackmon Mooring.

12.     At the advice of Scottsdale and in order to salvage the Dwelling and some personal property items that were damaged, Plaintiff entered into a contract with Blackmon Mooring for emergency services and dehumidification. The total cost of all services under this contract was $18,592.77 for work performed on the Dwelling and the contents of the Dwelling. Based on information from Blackmon Mooring, this amount was to be paid by Scottsdale. On December 15, 2014, the invoice for the amount due to Blackmon Mooring was sent to Scottsdale.

13.     In a letter dated November 19, 2014, addressed to Plaintiff from Scottsdale via its claims representative Raquel Trevino, Scottsdale changed its position and denied the Claim. In its letter, Scottsdale stated that the water damage to the Dwelling and property was due to a plumbing leak from a braided water supply line under a vanity located in the upstairs bathroom. Scottsdale further stated that the Policy did not cover the damage done to the Dwelling and personal property because water damage from plumbing leakage is not included as a cause of loss under the Policy.

14.     Due to Scottsdale's misrepresentations and resulting denial of his Claim, Plaintiff is now indebted to Blackmon Mooring for the full amount of $18,592.77. Plaintiff has also been forced to expend $21,685.00 thus far on repairs to the Dwelling and property, and further repairs are still needed.

## VI. Conditions Precedent

15.     All conditions precedent to Plaintiff's recovery have been excused, waived, occurred, or have otherwise been satisfied.

## VII. Causes of Action

16.     Plaintiff adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 15 herein for all purposes.

A.     **Negligent Misrepresentation/Omission**

17.     Defendants' forgoing acts and omissions constitute negligent misrepresentations to Plaintiff. The initial misrepresentation or omission occurred when Scottsdale's general agent, Louis A. Williams, through its agent Immel, failed to inform Plaintiff that the Policy would not cover water damage and flooding. Plaintiff made the decision to enter into the Policy based on the lack of the disclosure of this material information. Plaintiff would have chosen an alternate policy if all material terms had been disclosed.

18.     Defendants furthered their misrepresentation when Plaintiff was reassured that the damage to the Dwelling and personal property would be covered under the Policy, and Scottsdale recommended Blackmon Mooring to perform emergency services. Further relying on this affirmative and material representation, Plaintiff hired Blackmon Mooring in order to perform emergency services and dehumidification.

19.     The above representations/omissions were made to Plaintiff and for the guidance of Plaintiff in the course of Defendants' business, and in a transaction in which they had an interest. Defendants did not exercise reasonable care or competence in obtaining or communicating the above information and the above representations about the Policy and its coverage proximately caused injury to Plaintiff.

20.     Accordingly, Plaintiff seeks a judgment against Defendants for actual damages, pre- and post-judgment interest, and costs of court.

B.     **Violation of Chapter 541 of the Texas Insurance Code**

21.     Plaintiff is a person as defined by the Texas Insurance Code who is an insured of an insurance policy.

22.     Defendants are all persons as defined by the Texas Insurance Code.

23.     First, Defendants engaged in actions that violated §541.061 of the Texas Insurance Code when they engaged in one or more of the following unfair or deceptive acts or practices:

      a.   making an untrue statement of material fact;

      b.   failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

      c.   making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. Tex. Ins. Code §541.061(1)-(3).

24.     Second, Defendants violated §541.061 of the Texas Insurance Code when they engaged in actions violating Texas Business and Commerce Code §§17.46(b)(5), (7), (12), and (24), as described in more detail below. Plaintiff is a consumer under the DTPA because he is an individual who acquired insurance services by purchase. Plaintiff also relied on these acts to his detriment.

25.     Plaintiff gave Defendants the required notice of his claims.

26.     Defendants' above described wrongful conduct was a producing cause of actual damages to Plaintiff.

27.     Accordingly, Plaintiff seeks a judgment against Defendants for actual damages, pre- and post-judgment interest, costs of court, and attorneys' fees. Additionally, Defendants acted knowingly, which entitles Plaintiff to recover treble damages under the Texas Insurance Code.

**C.     Breach of the Texas Deceptive Trade Practices-Consumer Protection Act**

28.     Plaintiff is a consumer under the DTPA because he is an individual who acquired insurance services by purchase.

29.     Defendants are all persons that can be sued under the DTPA.

{00010674}                                          – 6 –

30.    First, Defendants violated the DTPA when they engaged in one or more of the following false, misleading, or deceptive acts or practices set out in the Texas Business and Commerce Code §17.46(b):

      a.  representing that goods or services have characteristics, uses, or benefits which they do not have;[1]

      b.  representing that goods or services are of a particular standard or quality, if they are of another;[2]

      c.  representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and[3]

      d.  failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.[4]

31.    Plaintiff relied on these false, misleading, or deceptive acts or practices to his detriment.

32.    Second, Defendants violated the DTPA when they engaged in unconscionable acts or courses of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

33.    Third, Defendants violated the DTPA when they violated chapter 541 of the Texas Insurance Code, as set out at length above.

---

[1] TEX. BUS. & COM. CODE § 17.46(b)(5)
[2] TEX. BUS. & COM. CODE § 17.46(b)(7)
[3] TEX. BUS. & COM. CODE § 17.46(b)(12)
[4] TEX. BUS. & COM. CODE § 17.46(b)(24)

34.     Plaintiff gave Defendants the required notice of his claims.

35.     Defendants' wrongful conduct as set forth above was a producing cause of Plaintiff's injury and damages.

36.     Accordingly, Plaintiff seeks a judgment against Defendants for economic damages, actual damages, pre- and post-judgment interest, costs of court, and attorneys' fees. Additionally, Defendants acted knowingly or intentionally, which entitles Plaintiff to recover treble damages under the DTPA.

**D.     Fraud by Nondisclosure**

37.     Defendants concealed from or failed to disclose certain material facts to Plaintiff regarding the Policy and its coverage.

38.     Defendants had a duty to disclose the facts to Plaintiff because Defendants either created a false impression by making a partial disclosure to Plaintiff or voluntarily disclosed some information and therefore had a duty to disclose the whole truth.

39.     Defendants knew that Plaintiff was ignorant of the facts and Plaintiff did not have an equal opportunity to discover the facts.

40.     Defendants were deliberately silent when they had the duty to speak.

41.     By failing to disclose the facts, the Defendants intended to induce Plaintiff to take some action or refrain from acting.

42.     Plaintiff actually and justifiably relied on Defendants' nondisclosure.

43.     Plaintiff was injured as a result of acting without the knowledge of the undisclosed facts.

44.     Accordingly, Plaintiff seeks a judgment against Defendants for actual damages, pre- and post-judgment interest, costs of court, and attorneys' fees.

### Prayer

WHEREFORE, Plaintiff, Epitacio Resendez, requests that Defendants be cited to answer and appear, that the Court enter a judgment against Defendants in favor of Plaintiff, awarding Plaintiff all actual damages, economic damages, treble damages, attorneys' fees, court costs, and pre- and post-judgment interest, and that the Court award Plaintiff such other and further relief to which he is justly entitled.

Respectfully submitted,

PULMAN, CAPPUCCIO, PULLEN,
BENSON & JONES, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: /s/ *Eric A. Pullen*
      Eric A. Pullen
      State Bar No. 24007881
      epullen@pulmanlaw.com
      Sarah A. Sweet
      State Bar No. 24088292
      ssweet@pulmanlaw.com

ATTORNEYS FOR PLAINTIFF
EPITACIO RESENDEZ

Received

NOV 0 6 15

SOP TRC

# Exhibit A

Received

NOV 06 15

SOP TRC

 SCOTTSDALE INSURANCE COMPANY®

**ENDORSEMENT NO.**_____

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| DFS1167262 | 09/25/2014 | EPITACIO RESENDEZ | 42015 |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## SERVICE OF SUIT CLAUSE

It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements neces- sary to give the Court jurisdiction. All matters which arise will be determined in accordance with the law and practice of the Court. In a suit instituted against any one of them under this contract, the Company agrees to abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

Pursuant to any statute of any state, territory or district of the United States of America which makes a provision, the Company will designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding insti- tuted by or on behalf of the Insured (or reinsured) or any beneficiary arising out of this contract of insurance (or reinsurance).

The officer named below is authorized and directed to accept service of process on behalf of the Com- pany:

COMMISSIONER OF INSURANCE

PO BOX 149104

AUSTIN, TEXAS 78714-9104

Having accepted service of process on behalf of the Company, the officer is authorized to mail the pro- cess or a true copy to:

CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPAN

211 EAST 7TH STREET SUITE 620

AUSTIN, TX 78701-3218

AUTHORIZED REPRESENTATIVE                    DATE

INSURED

UTS-9g (5-96)