IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EPITACIO RESENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-1082 RP |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
| LOUIS A. WILLIAMS & ASSOCIATES, INC., | § | |
| and DAVID IMMEL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff's Motion for Remand, filed December 16, 2015 (Clerk's Dkt. #10) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

On October 6, 2015 Plaintiff Epitacio Resendez ("Resendez") filed this action in the 419th Judicial District Court of Travis County, Texas. Plaintiff named as defendants Scottsdale Insurance Company ("Scottsdale"), Louis A. Williams & Associates, Inc. ("Williams"), and David Immel ("Immel"). The action was removed to this court on December 2, 2015 based on diversity of citizenship.

By way of the original pleading filed in state court, Plaintiff states he obtained an insurance policy (the "Policy") from Scottsdale which covered his dwelling and personal property ("Property"). According to Plaintiff, prior to purchasing the Policy, Scottsdale's general agent Williams, through its agent Immel, concealed and failed to disclose that the Policy was a named perils policy which did not cover flooding and water damage. Plaintiff states he purchased the Policy based on the omission of that information and would not have purchased the Policy but for the omission. (Plf. Orig. Pet. ¶¶ 9-10).

Plaintiff further alleges the Property sustained damage from a plumbing leak on October 5, 2014. He contacted Scottsdale to report a claim. According to Plaintiff, after reassuring him that the damage to the Property would be covered under the Policy, Scottsdale recommended he employ the services of a cleaning company. Plaintiff alleges, despite those earlier statements, by letter dated November 19, 2014, Scottsdale denied his claim under the Policy. (*Id.* ¶¶ 11-13)

Plaintiff asserts causes of action against all defendants for negligent misrepresentation, violation of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and for fraud by nondisclosure. (*Id.* ¶¶ 17-44).

Plaintiff has now moved to remand this action back to state court. Plaintiff argues federal diversity jurisdiction is absent because Plaintiff, Williams and Immel are all residents of Texas. Scottsdale has filed a response to the motion and Plaintiff has filed his reply in support. Accordingly, the matter is now ripe for review.

## II. APPLICABLE LAW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). When the propriety of removal is challenged, the burden of establishing federal jurisdiction is on the party who removed the action. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

A suit between diverse parties may be adjudicated in a federal forum only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears burden of showing existence

of federal jurisdiction and propriety of removal).

A non-diverse party may not destroy diversity if that party has been improperly joined. Improper joinder is established one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Under the second prong, the defendants must demonstrate that the plaintiff has no possibility of recovery against an in-state defendant or, stated differently, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (defendant must demonstrate there is no reasonable basis for predicting plaintiff will recover in state court); *Smallwood*, 385 F.3d at 573 (party seeking removal bears heavy burden of proving joinder of in-state party was improper).

The Fifth Circuit recognizes two methods of analyzing whether a plaintiff has a reasonable basis of recovery under state law. The usual procedure is for the district court to conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint. *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 647 (crucial question is whether plaintiff has set out a valid claim under applicable state law). The district court may, however, "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court. *Gray*, 390 F.3d at 405.

### III. ANALYSIS

In removing this action Scottsdale acknowledged that Plaintiff, Williams and Immel are all citizens of Texas. (Not. of Remov. ¶¶ 13, 15-16). The action was removed to federal court by Scottsdale on the basis of diversity of citizenship, contending Williams and Immel were improperly joined. In moving to remand, Plaintiff disagrees that Williams and Immel were improperly joined.

### A.     Pleading Standard

As an initial matter, the parties disagree as to the standard for reviewing the sufficiency of Plaintiff's pleadings. Plaintiff maintains his allegations against Williams and Immel are sufficient to provide fair notice of his claims as required to satisfy the pleading standards in Texas state court. The Fifth Circuit applies state law to determine the sufficiency of the factual allegations as part of an improper joinder analysis. *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344–45 (5th Cir.2013) (applying pleading standards of Texas civil procedure). Texas has traditionally used a "fair notice" standard of pleading, which deems an original petition sufficient "if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

Scottsdale points out that recent inclusion of a new provision in the Texas Rules of Civil Procedure has prompted courts to consider whether the pleading standard has been altered. In pertinent part, Rule 91a.1, titled "Dismissal of Baseless Causes of Action," permits a party to move to dismiss a cause of action if it has no basis in law, which the rule defines as "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. Several federal district courts have interpreted this new rule as creating a failure-to-state-a-claim analysis under Texas law that is similar to the Rule 12(b)(6) analysis under federal law. *See Davis v. Metro. Lloyds Ins. Co. of Texas,* 2015 WL 456726, at *2 (N.D. Tex. Feb. 3, 2015) (effect of Rule 91a.1 is to cause pleading standard in Texas to be substantially the same as standard outlined by Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*); *Craig Penfold Props., Inc. v. The Travelers Cas. Ins. Co.*, 2015 WL 356885, at *3 (N.D. Tex. Jan. 28, 2015) ("[t]his new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)"); *Plascencia v. State Farm Lloyds*,

2014 U.S. Dist. LEXIS 135081, at *10 (N.D. Tex. Sep. 25, 2014) (under Rule 91a.1 "Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure").  The more nuanced view, however, recognizes Rule 91a.1 does not supersede prior pleading requirements set forth in Rule 45 of the Texas rules, but simply modified the standard such that "fair notice" must now be judged in the context of Rule 91a. *New Life Assembly of God of City of Pampa v. Church Mut. Ins. Co.*, 2015 WL 2234890, at *4-5 (N.D. Tex. May 12, 2015); *Bart Turner & Assocs. v. Krenke*, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014).  The Court will employ this standard in reviewing the motion to remand.

**B.    Duty to Disclose**

Scottsdale maintains Williams and Immel are improperly joined because Plaintiff's factual allegations do not suffice to show a reasonable basis to predict his ability to recover against them. Specifically, Scottsdale contends Plaintiff's claims are all based on the contention that Williams and Immel failed to disclose to Plaintiff that the Policy did not cover flooding and water damage. Scottsdale maintains Plaintiff cannot recover against either Williams or Immel on that basis because Texas law does not impose any duty to disclose on an insurance agent.

Generally, insurance agents owe their client only a duty to use reasonable diligence in acquiring a policy, and to inform the client if they are unable to do so.  *Webb v. UnumProvident Corp.*, 507 F. Supp. 2d 668, 683 (W.D. Tex. 2005) (citing *May v. United Servs. Ass'n of Am* ., 844 S.W.2d 666, 669 (Tex.1992)).  Under Texas law, an insurance agent does not have a legal duty to explain the terms and conditions of an insurance policy. *Insurance Network of Tex. v. Kloesel*, 266 S.W.3d 456, 467–68 (Tex. App.–Corpus Christi 2008, pet. denied); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.–El Paso 1999, no pet.); *Heritage Manor of Blaylock Properties, Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.–Dallas 1984, writ ref'd n.r.e.).

Rather, an insured has a duty to read his insurance policy, is responsible for understanding the policy's terms and conditions, and is bound by those policy terms. *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 615 (S.D. Tex.) *aff'd*, 624 F. App'x 225 (5th Cir. 2015); *Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*, 679 F. Supp. 2d 739, 748 (N.D. Tex. 2009). While Texas law imposes a duty to disclose where a fiduciary or confidential relationship exists, Texas courts have refused to impose general fiduciary duties between an insurer and its insured. *See Coterill–Jenkins v. Texas Med. Assoc. Health Care Liability Claim Trust*, 383 S.W.3d 581, 593 n.7 (Tex. App.–Houston [14th Dist.] 2012, pet. denied) (no general fiduciary duty between insurer and insured); *E.R. Dupuis Concrete Co. v. Penn Mut. Life Ins. Co.*, 137 S.W.3d 311, 318 (Tex. App.–Beaumont 2004, no pet.) (same); *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.–Houston [1st Dist.] 2003, pet. denied) (same). Thus, absent some affirmative misrepresentation of the terms of coverage by an insurer, an insured's mistaken belief concerning the extent of coverage is not grounds for a misrepresentation claim. *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 749 (W.D. Tex. 2015) (common law claims); *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 40 F. Supp. 3d 817, 839 (S.D. Tex. 2014) (DTPA and Insurance Code claims); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 798 (Tex. App.–Dallas 2011, no pet.) (same); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App.–San Antonio 1998, no writ) (same);

Plaintiff does not suggest a special relationship existed between himself, Williams and Immel. Rather, Plaintiff contends the general rule regarding a duty to disclose is not applicable to the facts of his case because a duty to disclose can be created by the insurance policy itself. In support of this proposition Plaintiff relies on a single Texas case, *Colonial County Mut. Ins. Co. v. Valdez*, 30 S.W.3d 514 (Tex. App.–Corpus Christi 2000, no pet.). In *Colonial County* the court upheld a jury's finding of liability under the Texas Insurance Code based on an insurer's failure to disclose that an insurance policy would not cover the insured vehicle if ownership of the vehicle

was transferred. The court found the evidence that the insurance policy itself contained statements which indicated the vehicle would be covered, coupled with the evidence that the insurance company verified coverage at the time of the transfer of ownership, was sufficient to support a finding of an insurance code violation based on the insurer's failure to disclose information. *Id*. at 521.

The decision in *Colonial County* is distinguishable in several respects from this action. First, the defendant in that action was the insurance company itself. Here, Plaintiff is seeking to impose liability on Williams and Immel, as the general agent and its agent. Second, the court in *Colonial County* did not rely only on the terms of the insurance policy itself, but also the fact that the insurance company verified coverage. In contrast, Plaintiff here is relying solely on the language of the Policy. Finally, the court found the insurance policy itself indicated the vehicle was covered. Plaintiff here admits the Policy "state[s] that there are certain perils against which it insures for direct physical loss to the covered property," but asserts the Policy's failure to specifically explain it does not cover losses from other causes amounts to an affirmative representation of coverage. However, the holding in *Colonial County* addressed affirmative misrepresentations of coverage, not the failure to explain coverage on which Plaintiff bases his claims. Accordingly, to the degree the decision in *Colonial County* affords a general exception to the general rule in Texas that an insurance agent does not owe an insured a duty to disclose, it is unavailing to Plaintiff in this case.

In short, Plaintiff's pleading falls short of providing a reasonable basis for the Court to conclude Plaintiff can recover against Williams and Immel. Plaintiff's challenge to the removal of this action therefore fails.

## IV.  CONCLUSION

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Remand (Clerk's Dkt. #10).

**SIGNED** on February 26, 2016.

                                          ROBERT L. PITMAN
                                          UNITED STATES DISTRICT JUDGE